821 So.2d 864 (2002)
Michael KING a/k/a Michael Demby King, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00997-COA.
Court of Appeals of Mississippi.
February 26, 2002.
Rehearing Denied April 23, 2002.
Certiorari Denied July 18, 2002.
*865 Michael King, Pro Se.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
KING, P.J., for the Court.
¶ 1. This pro se appeal comes from an order entered by the Circuit Court of Adams County dismissing Michael King's *866 "Petition for Writ of Habeas Corpus Under Newly Discovered Evidence." We cite verbatim King's issues:
I.
Appellant was indicted on a charge that he had already been convicted and sentenced on; Thereby, constituting Double Jeopardy, a violation of his 5th and 14th United States Constitutional Amendment rights.
II.
Sentencing Judge should have recused herself due to the fact that she had previously appeared in the court with the Appellant in a Civil case where Appellant (King) sued successfully a client of the Judge when she was in private practice.
III.
Appellant was denied effective assistance of counsel due to the fact that; (a) Court Appointed Counsel neglected to properly investigate facts of case. (b) Counsel provided erroneous advice. (c) Counsel failed to provide any advice in several necessary situations. (d) As a result of improperly researched answers, erroneous answers, the absence of answers and extremely unprofessional advice, Appellant was induced to plead in an unintelligent and involuntary manner.

FACTS
¶ 2. On November 21, 1995, in the Circuit Court of Adams County, King pled guilty to possession with intent to sell cocaine. At that time, a plea qualification hearing was conducted by Judge Lillie Blackmon Sanders. After determining that King's plea was offered of his own volition, with a full understanding of his rights, Judge Sanders accepted his guilty plea. On November 30, 1995, King was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections. As a part of his plea agreement, all other pending charges against King were retired to his file.
¶ 3. On May 5, 2000, King filed his "Petition for Writ of Habeas Corpus Under Newly Discovered Evidence." On June 9, 2000, the Circuit Court of Adams County dismissed King's petition. The court determined that King had entered a voluntary and intelligent plea for which he had been properly sentenced. Therefore, he was not entitled to the issuance of a writ of habeas corpus or any relief whatsoever.

ANALYSIS
¶ 4. King requested habeas corpus relief in the trial court and this Court. The trial court properly decided King's request as a petition for post-conviction relief and this Court shall do likewise.
¶ 5. In Walker v. State, 555 So.2d 738, 740 (Miss.1990) (quoting State v. Ridinger, 279 So.2d 618, 619 (Miss.1973)), the Mississippi Supreme Court determined that "A habeas corpus proceeding has but one purpose, that is to set at liberty persons illegally held ... by entering an order [inter alia] granting bail." "[A] Mississippi application for a writ of habeas corpus is habeas corpus in the more classical sense and is generally brought by a prisoner claiming to be held without ever having been convicted." Sones v. Hargett, 61 F.3d 410, 418 (5th Cir.1995).
¶ 6. The post-conviction relief statute was enacted "to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences." Miss.Code Ann. *867 § 99-39-3 (Rev.2000) (abolishing post-conviction habeas).
¶ 7. A review of the circuit court order makes abundantly clear that King's petition is a request for post-conviction relief.

I.

Whether King's sentence violates double jeopardy.
¶ 8. King alleges that the consideration of charges retired to the file caused his sentence to be enhanced. He contends that enhancement of his sentence based upon such considerations violates the double jeopardy clause.
¶ 9. In Brown v. State, 731 So.2d 595(¶ 10) (Miss.1999), the Mississippi Supreme Court used the same definition and test for double jeopardy as used in the United States Supreme Court:
"It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Id. at 109 [White v. State, 702 So.2d 107] (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). The test for determining whether a defendant has been subjected to double jeopardy is the "same elements" test as set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), ... [A]n inquiry into whether each offense charged requires proof of an element not contained in the other. Where different elements are required by each offense "`an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" Id.

¶ 10. King was not subject to multiple prosecutions or multiple punishments. The record before this Court indicates that King pled guilty to and was sentenced for one violation of Mississippi Code Annotated Section 41-29-139. The maximum sentence that could be imposed under this statute is imprisonment of thirty years and a fine of one million dollars. King was sentenced to thirty years and did not receive a fine. The sentence was within the statutory limits.

II.

Whether the trial judge should have disqualified herself sua sponte.

¶ 11. King indicates that he had an encounter with Judge Sanders, prior to her election, which created some ill-will between them. King alleges that he was responsible for the conviction of a party represented in the criminal proceeding by then Attorney Sanders. He suggests that this ill-will should have caused a sua sponte recusal by Judge Sanders, but instead manifested itself by her refusal to lower his bond. King filed no motion for recusal and is procedurally barred from raising this issue. Tubwell v. Grant, 760 So.2d 687(¶ 8) (Miss.2000). Notwithstanding the procedural bar, this Court will address the issue.
¶ 12. The matter of recusal is spoken to by the Code of Judicial Conduct, state statute and the state constitution. The Mississippi Code of Judicial, Conduct Canon 3(C)(1) provides:.
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(b) he served as lawyer in the matter in controversy, or a lawyer with whom he *868 previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it.
Section 9-1-11 of the Mississippi Code Annotated and the Mississippi Constitution of 1890 Article 6, Section 165 prohibit a judge from hearing a case in which he is related to any of the parties or in which he has an interest.[1]
¶ 13. When reviewing whether a judge should have recused himself, this Court uses an objective test: "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Hunter v. State, 684 So.2d 625, 630 (Miss.1996) (quoting Rutland v. Pridgen, 493 So.2d 952, 954 (Miss.1986)). The challenger has to overcome the presumption "that a judge, sworn to administer impartial justice, is qualified and unbiased." Hunter, 684 So.2d at 630 (quoting Turner v. State, 573 So.2d 657, 678 (Miss. 1990)).
¶ 14. In the case sub judice, the constitutional and statutory provisions are not applicable. Neither the constitutional nor the statutory provisions disqualify a judge from hearing a case if she represented a client against the present criminal defendant.
¶ 15. When a judge is not disqualified under the constitution or statute, "the propriety of his or her sitting is a question to be decided by the judge and is subject to review only in case of manifest abuse of discretion." Hunter, 684 So.2d at 630 (quoting McLendon v. State, 187 Miss. 247, 191 So. 821, 823 (1939)). When this Court is asked to review the denial of recusal, it "will look to the whole trial and pass upon questions on appeal in the light of the completed trial. Every act and movement had during the entire trial will be considered, and if we are unable to find that rulings have been prejudicial to the defendant, we will not reverse." Adams v. State, 220 Miss. 812, 817, 72 So.2d 211, 213-14 (1954).
¶ 16. The evidence presented by King on abuse of discretion established that Sanders had represented a client in a case which involved King and Judge Sanders denied his motion for a bail reduction. The record before this Court suggests no hint of prejudice or partiality by Judge Sanders. There is no evidence that Judge Sanders abused her discretion by failing to recuse herself.

III.

Whether King received ineffective assistance of counsel.
¶ 17. King claims that his counsel was negligent because he failed to properly investigate the indictment, failed to discover Judge Sanders' partiality, erroneously advised him and joined in prosecuting him.
¶ 18. He contends that this ineffective assistance subjected him to judicial bias, and resulted in an enhanced sentence. In support of this contention, he again argues the same matters which were found to be *869 meritless in issues I and II and remain meritless here.
¶ 9. We therefore affirm the denial of King's post-conviction relief.
¶ 20. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] Mississippi Code Annotated Section 9-1-11 (Rev.1991): The judge of a court shall not preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, or wherein he may have been of counsel, except by consent of the judge and of the parties. Mississippi Constitution, Article 6, Section 165 (1890): No judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties.