983 So.2d 1074 (2008)
Genarro D. SHUMPERT a/k/a Genarro Shumpert, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-02164-COA.
Court of Appeals of Mississippi.
April 1, 2008.
*1075 Genarro D. Shumpert, pro se.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
*1076 Before LEE, P.J., ISHEE and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This case comes before the Court on appeal from an order summarily dismissing Genarro D. Shumpert's motion for post-conviction relief. Aggrieved with the trial court's judgment, Shumpert appeals pro se, arguing: (1) that he was denied effective assistance of counsel and (2) that the trial judge should have recused himself. Finding no error, we affirm.

FACTS
¶ 2. On April 16, 2004, a grand jury in Lee County, Mississippi indicted Shumpert and Kenneth Lee Traylor for their participation in a home invasion on February 12, 2004. Shumpert and Traylor went to the victims' home, captured them, stole their clothes, and abandoned them naked in a field. Shumpert and Traylor were each charged with three counts of kidnapping, one count of aggravated assault, one count of burglary, one count of armed car jacking, and three counts of armed robbery.
¶ 3. After commencement of the trial and testimony from two of the State's witnesses, Shumpert decided to plead guilty to all charges. At his plea hearing, Shumpert made an open plea with a sentencing recommendation from the prosecutor. During the hearing, Shumpert attested that he was entering the guilty pleas freely and voluntarily and that no one had threatened him or promised him anything in exchange for his guilty pleas. The trial judge explained to Shumpert that by pleading guilty, he waived a great number of legal rights, including the right to be tried before a jury, the right to remain silent, and the right to appeal as to the conviction in the case. Shumpert responded that he understood the consequences of his guilty pleas. Finally, Shumpert testified that he was satisfied with the legal services and advice of his attorney.
¶ 4. Shumpert pleaded guilty to all nine charges on February 15, 2005; he also agreed to testify for the State in the trial of his co-defendant, Traylor. On August 5, 2005, the trial court ordered Shumpert to serve nine consecutive sentences, totaling 285 years in the custody of the Mississippi Department of Corrections.
¶ 5. Shumpert filed a motion for post-conviction relief on August 31, 2006, arguing that he was denied effective assistance of counsel when his attorney failed to object to the composition of an all-white jury; therefore, his guilty pleas were the product of coercion and were not made voluntarily. Further, Shumpert argues that the trial judge should have recused himself from the proceedings because of his relationship with the victims. The Lee County Circuit Court denied Shumpert's motion on December 15, 2006. Aggrieved by the trial court's ruling, Shumpert appeals.

STANDARD OF REVIEW
¶ 6. The standard of review for a dismissal of a post-conviction motion is well-stated; "[t]he findings of the trial court must be clearly erroneous in order to overturn a lower court's dismissal of a post-conviction relief motion." Willis v. State, 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005) (citing McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001)). However, questions of law will be reviewed de novo. Robinson v. State, 904 So.2d 203, 204 (¶ 3) (Miss.Ct.App.2005).

DISCUSSION
1. Ineffective Assistance of Counsel/Involuntary Plea
¶ 7. Shumpert argues that his pleas were the result of coercion and were not made voluntarily because he received ineffective *1077 assistance of counsel during his trial. Specifically, he alleges that he was denied effective assistance of counsel because of his attorney's failure to file certain motions and to object to the composition of an all-white jury.
¶ 8. The standard of review concerning the voluntariness of guilty pleas is clear. The Court "will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999) (citation omitted). The defendant bears the burden of proving that a guilty plea is involuntary and must do so by a preponderance of the evidence. Id. at 422(¶ 8). A plea is considered voluntary and intelligent if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The record in this case clearly indicates that the trial court thoroughly questioned Shumpert regarding his understanding of his constitutional rights, the charges against him, and the consequences of his guilty pleas.
¶ 9. Shumpert also argues that he was coerced into pleading guilty due to the trial court's implied incentive for his cooperation with the State in providing testimony against his co-defendant Traylor. The transcript from the plea hearing contradicts Shumpert's claims that his guilty pleas were involuntary or the result of coercion. The record reflects that Shumpert made an open plea with no plea bargain agreement. Shumpert testified that he understood that there was no plea bargain and that the trial court did not have to accept the State's sentencing recommendation. The record clearly reveals the trial court's thorough explanation that there was no promise of leniency in exchange for Shumpert's testimony against Traylor.
¶ 10. Shumpert also argues that his counsel's alleged ineffective assistance of counsel during the trial forced him to plead guilty. Specifically, Shumpert alleges that he was prejudiced by his counsel's failure to raise the issue of recusal of the trial judge and by his counsel's failure to object to the composition of an all-white jury. To satisfy the two-pronged test for ineffectiveness of counsel, Shumpert bears the burden of showing that there were deficiencies in his counsel's performance and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's performance was within a wide range of reasonable professional assistance. Moody v. State, 644 So.2d 451, 456 (Miss.1994). To overcome this presumption, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 11. Shumpert cannot overcome the presumption that his attorney rendered adequate assistance. Defendants are not entitled to a jury of any particular composition. Le v. State, 913 So.2d 913, 924(¶ 21) (Miss.2005) (citations omitted). This Court outlined the necessary elements to prove a violation of the fair-cross-section requirement for an impartial jury: (1) the group allegedly excluded must be a "distinctive group" in the community; (2) the representation of this group in jury selections is not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is because of systematic exclusion of the group in the jury selection process. Lanier v. State, 533 So.2d 473, *1078 477 (Miss.1988), overruled in part on other grounds by Twillie v. State, 892 So.2d 187, 190(¶ 11) (Miss.2004). Shumpert does not meet the required elements of this test because he objects only to the jury composition and makes no challenge regarding the method by which the jury was chosen.
¶ 12. Shumpert was not entitled to a jury of any particular racial composition; therefore, he cannot show that his counsel was deficient in failing to object to an all-white jury. Shumpert is also unable to demonstrate that any alleged deficiency in his counsel's performance prejudiced him because he did not exercise his right to a trial by jury. It is impossible to prove that counsel's objection to the jury composition would have created a different result if no original verdict was reached. The arguments advanced by Shumpert fail to meet the required burden to prove that his counsel was deficient and that Shumpert was prejudiced by his counsel's alleged deficiency.
2. Recusal of the Trial Judge
¶ 13. Shumpert insists that the trial judge should have recused himself from the proceedings because of his relationship with the victims. Shumpert alleges that the trial judge abused his discretion by not recusing himself since he dined regularly at a restaurant owned by the victims.
¶ 14. "The decision to recuse or not to recuse is one left to the sound discretion of the trial judge, so long as he applies the correct legal standards and is consistent in the application." Tubwell v. Grant, 760 So.2d 687, 689(¶ 7) (Miss.2000). When a judge is not disqualified under the constitutional or statutory provisions, the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion. Id. In determining whether a judge should have recused himself, this Court uses an objective test: "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." King v. State, 821 So.2d 864, 868(¶ 13) (Miss.Ct.App.2002) (citations omitted). The challenger has to overcome the presumption "that a judge, sworn to administer impartial justice, is qualified and unbiased." Id. This presumption may only be overcome by evidence which produces a reasonable doubt about the validity of the presumption. Bredemeier v. Jackson, 689 So.2d 770, 774 (Miss.1997).
¶ 15. There is nothing in the record that supports Shumpert's allegation that the trial judge was a regular patron of the victims' restaurant. Even if true, Shumpert's accusation does not overcome the presumption that the trial judge was qualified and unbiased. We find that the trial judge did not abuse his discretion by not recusing himself.
¶ 16. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DISMISSING SHUMPERT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.