29 So.3d 121 (2010)
Henry LINDSEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2008-KA-01717-COA.
Court of Appeals of Mississippi.
February 23, 2010.
*122 Thomas A. Pritchard, Biloxi, attorney for appellant.
Office of the Attorney General, by Ladonna C. Holland, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court:
¶ 1. A jury found Henry Lindsey guilty of possession of contraband in a private correctional facility, in violation of Mississippi Code Annotated section 47-5-193 (Rev.2004). Lindsey was sentenced to seven years in the custody of the Mississippi Department of Corrections ("MDOC"). The sentence was ordered to run consecutively to his prior sentence. On appeal, Lindsey argues that the trial judge erred by failing to give a limiting instruction and failing to recuse. We find no error and affirm.

FACTS
¶ 2. On February 21, 2008, Lindsey was in the custody of the MDOC. He was incarcerated for armed robbery, and he was held at the Walnut Grove Youth Correctional Facility. Lindsey was accused of willfully, unlawfully, and feloniously possessing a contraband item  a sharpened instrument. After a trial held on September 8, 2008, a jury found Lindsey guilty of possession of contraband in a private correctional facility. It is from this judgment that Lindsey appeals.

ANALYSIS

1. Did the trial judge err in allowing the jury to hear testimony and not issuing a limiting instruction to the jury?
¶ 3. Lindsey contends that the trial judge failed to instruct the jury to disregard evidence of other crimes, wrongs, or acts where there was no foundation for their admissibility and no showing that the probative value outweighed the prejudicial effect. The State argues that Lindsey's failure to make a contemporaneous objection regarding Lindsey's past crime of armed robbery bars Lindsey from arguing this issue on appeal. The State further claims that there was nothing for the jury to be instructed to disregard from the evidence because Lindsey never answered the question once the objection by defense counsel was sustained.
¶ 4. During its cross-examination, the State asked Lindsey:
Q: Why are you [at the Walnut Grove Youth Correctional Center]?
A: Armed robbery.
Q: Armed robbery. How long have you been there?
A: Since 2006.
Q: And Mr. Dotson was coming around to serve paperwork on you. You said it was an RVR. What does that mean?
A: A rule violation report.
Q: So you were in trouble when he came to serve you some papers, weren't you?
A: Yes, sir.

*123 Q: It had something else to do with something else you have been in trouble for besides that shank?
By Mr. Smith: Your Honor, I would object to this line [of questioning] as irrelevant. He's here about whether or not he had a shank in his cell and not anything else.
By Mr. Thames: He opened the door.
By the Court: It's just like in a trial of a case, you cannot mention that a person has committed another crime. He has testified it was a RVR [sic], rule violation report, which is the same principle as not being allowed to introduce evidence of subsequent crime. So your objection is sustained.
(Emphasis added).
¶ 5. The trial judge "enjoys a considerable amount of discretion as to the relevancy and admissibility of evidence." Shearer v. State, 423 So.2d 824, 826 (Miss. 1982). We will not reverse the trial court judge unless he abused his discretion and caused the defendant to experience prejudice. Id.
¶ 6. Lindsey cites Smith v. State, 656 So.2d 95 (Miss.1995), to support his argument that the trial court has a sua sponte duty to give a limiting instruction after defense counsel objects to character evidence being admitted. However, Smith was overruled by Brown v. State, 890 So.2d 901 (Miss.2004). In Brown, the supreme court stated:
The burden should properly be upon the trial counsel to request a limiting instruction. This was our rule before Smith, in accord with Rule 105 of the Mississippi Rules of Evidence. The rule provides in pertinent part that "[w]hen evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Miss. R. Evid. 105 (emphasis added). We struggled in Smith to require judges to issue the sua sponte ruling, since that would contradict "a rule so clear" as M.R.E. 105. [citation omitted]. Today we abandon Smith's requirement that a judge issue a sua sponte limiting instruction and return to the clear language of Rule 105. The rule clearly places the burden of requesting a Rule 404(b) limiting instruction upon counsel. The rule is controlling, and to the extent that Smith and its progeny contradict that plain language[,] they are overruled.
Id. at 913 (¶ 36) (emphasis added).
¶ 7. Here, defense counsel failed to request a limiting instruction, and the trial judge was not required to issue the limiting instruction sua sponte after defense counsel objected. Because it was defense counsel's duty to request the limiting instruction and counsel failed to do so, this issue is without merit.

2. Did the trial judge err by not recusing himself sua sponte?
¶ 8. Lindsey claims that the trial judge was biased and should have recused himself sua sponte after speaking to the potential jurors. The State contends that the judge was not biased and that Lindsey selectively quoted portions of the judge's introductory remarks to show that he was biased toward Lindsey.
¶ 9. Prior to voir dire, the trial judge made the following comments to the potential jurors:
I'll stress to you again the importance of a fair and impartial jury. I really believe in the justice system. I really believe it's no good if it's not properly handled here in this courtroom. Trial of cases involves young people a lot of times. It involves situations, and you as *124 jurors, you understand of course, that depending upon your verdict, a person's liberty could be taken away from them. You should not ever be concerned with that, because I know that you will read in the paper and I know that you hear it on the news, and if you'll listen to me sometimes, I'm very, very critical of the Department of Corrections system in releasing prisoners when they've not served the time that the Judge has pronounced. So don't be concerned with how much punishment is involved in a case. You be concerned with the facts of the case and with the law. Then there's others, like myself, who will have the responsibility of passing judgment after you've made your judgment.
. . . .
I look at a person standing before me,. . ., and I look at their mother and father in the background, and they're good people. But, yet, the decision has got to be done; otherwise, you're not going home safely when you leave this courthouse, and you're not going to have the right that you have. One right that people never talk about, . . ., is probably the most important right that you can ever have, and that's the right from fear. You'll never have that right unless people ante up their responsibility.
¶ 10. The trial judge went on to instruct the potential jurors "to be fair and impartial" and to do what they think is right. He further stated:
He is not required to prove himself innocent. He's not required to take the stand and testify. . . . Yes, he has done wrong in the past, but you don't hold that against him. We know that he is in a correctional facility. . . . We know that he has committed some offense to cause him to be there. But whatever, that is not for you to be concerned with or to consider  only what happened down there.
He instructed the potential jurors to judge the case by the evidence and not by the lawyers' performance nor the witnesses' personalities.
¶ 11. Uniform Rule of Circuit and County Court 1.15 states: "Any party may move for the recusal of a judge . . . if it appears that the judge's impartially might be questioned by a reasonable person knowing all the circumstances, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law." See Bateman v. Gray, 963 So.2d 1284, 1290 (¶ 23) (Miss.Ct.App.2007). A trial court judge is presumed to be unbiased and fair, but this presumption may be overcome by evidence which proves a reasonable doubt about the presumption. Id. at (¶ 25).
¶ 12. Failure of the party to object to a trial judge's appearance results is a waiver of any objection. Foster v. State, 716 So.2d 538, 540 (¶ 7) (Miss.1998); Banana v. State, 635 So.2d 851, 853 (Miss. 1994). Lindsey failed to object or file a motion seeking Circuit Judge Gordon to recuse himself. As a result of Lindsey's failure to object, this assignment of error is procedurally barred on appeal.
¶ 13. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF CONTRABAND IN A PRIVATE CORRECTIONAL FACILITY AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., IRVING, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS *125 WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., LEE, P.J., AND ISHEE, J.
CARLTON, J., dissenting:
¶ 14. Because I find plain error in the trial judge's instructions to the jury, I must respectfully dissent. The trial judge made numerous inappropriate comments to the jury during his preliminary jury instructions, which resulted in the jury being improperly informed of its responsibilities. After informing the jury that it was to base its verdict in the case on the law and the evidence, the trial judge further stated that innocent people are sometimes convicted by mistake. The trial judge continued in advising the jury that only the law of Leake County applied to the case. The following excerpt captures the judge's preliminary advice to the jury with respect to the applicable law:
We're not talking about the laws in Jackson or anywhere else. We're talking about your law. Every case that you consider is a law of Leake County. Every case that will be presented is a case of Leake County[1]  nowhere else. And if you make a mistake, that's all right. And when you go home and you think about, well, did I do the right thing. Judge Gordon told me to be fair and impartial and I tried to be, but I may have made a mistake. And that's alright. That's just the way the system works. If a mistake is made, that's fine. That's just the way the system works. The system has worked whenever you do that.
¶ 15. The majority quotes other relevant portions of the judge's sua sponte remarks reflecting the judge's comments regarding his criticism of the Mississippi Department of Corrections (MDOC) and the MDOC's early release of prisoners. The dissent will not recite the comments in their entirety; rather, I only note the impact of the further comments on the burden of proof and the applicable law in the case. In doing so, the record reflects that the trial judge's comments advised the jury that a decision had to be made; otherwise, "you're not going home safely when you leave this courthouse." Further, the judge opined that the jury could never be free from fear if they failed to "ante up their responsibility."[2]
¶ 16. As the majority explains, Henry Lindsey claims that the trial judge should have disqualified himself after speaking sua sponte with the potential jurors. Alternatively, the State contends that the judge was not biased and that Lindsey selectively quoted portions of the judge's introductory remarks. The State properly points out that Lindsey failed to move for the judge's recusal at the trial level and failed to include the recusal issue in his motion for a new trial. I agree that the recusal issue is without merit based on our abuse-of-discretion standard of review. Shumpert v. State, 983 So.2d 1074, 1078 (¶ 14) (Miss.Ct.App.2008). However, I express *126 great concern regarding the impact of the trial judge's comments upon the jury's understanding of its responsibility and ultimately upon Lindsey's ability to receive a fair trial by a properly instructed jury.
¶ 17. Briefly addressing the recusal issue, I recognize that this Court reviews such assignments of error under an abuse-of-discretion standard, and the appellant must overcome a presumption that the judge is qualified and unbiased. Id. The presumption of the judge's impartiality may only be overcome by evidence which raises a reasonable doubt as to the validity of the presumption that the judge is qualified and unbiased. Id. As noted above, Lindsey failed to preserve the recusal issue for appellate review and has not provided evidence beyond a reasonable doubt that the trial judge possessed bias against Lindsey.
¶ 18. As stated, I find that the recusal issue lacks merit. I nonetheless find that the trial judge's comments constitute plain error, violating Lindsey's Sixth Amendment rights and prejudicing his ability to receive a fair trial. Furthermore, Lindsey's due-process rights encompass the right to a properly instructed jury. See Shaffer v. State, 740 So.2d 273, 282 (¶ 31) (Miss.1998) (holding that the trial court's failure to properly instruct the jury on the elements of the crime charged implicated Justin David Shaffer's due-process rights); but see Kolberg v. State, 829 So.2d 29, 50-51 (¶ 40) (Miss.2002) (employing a harmless-error analysis to a challenge to jury instructions). However well-intentioned, the trial judge's preliminary comments improperly instructed the jury as to the law applicable to the case and the State's burden of proof.
¶ 19. The State's brief points out that Lindsey's objections focus on aspects of the laws pertaining to the criminal justice system[3] but not directly to Lindsey. I agree. However, the impact of the judge's preliminary comments to the jury regarding his views of the law and the criminal justice system affected how the jury was instructed in this case as to what law to apply and how to apply it. While noting that the trial judge's comments focused on the laws pertaining to the criminal justice system, the State failed to address whether these comments caused prejudice to Lindsey's constitutional right to a fair trial.
¶ 20. Because I find that the trial judge's comments affected Lindsey's constitutional right to a fair trial, I would reverse Lindsey's conviction and sentence and remand this case for a new trial. Therefore, I respectfully dissent.
KING, C.J., LEE, P.J., AND ISHEE, J., JOIN THIS OPINION.
NOTES
[1] Henry Lindsey was indicted for and convicted of possession of contraband in a private correctional facility, contrary to the provisions of Mississippi Code Annotated section 47-5-193 (Supp.2009). At the time of the commission of the indicted offense, Lindsey was serving a sentence for armed robbery. Even though Lindsey was indicted by a Leake County grand jury, the indictment charged a violation of state statutory law, not a law pertaining only to or enacted by Leake County. Such comments to the jury that only Leake County law applied was erroneous and confusing.
[2] Our supreme court has warned against fear arguments by prosecutors as paths to conviction. Brown v. State, 986 So.2d 270, 275 (¶¶ 11-12) (Miss.2008) (warning prosecutors not to use "send-a-message" arguments and holding that in some circumstances, such arguments alone constitute reversible error).
[3] The MDOC policy regarding early release of prisoners constitutes a policy matter beyond the scope of the indictment in this case and is not a proper matter for the jury's consideration in this case.