CARLTON, J.,
dissenting:
¶ 14. Because I find plain error in the trial judge’s instructions to the jury, I must respectfully dissent. The trial judge made numerous inappropriate comments to the jury during his preliminary jury instructions, which resulted in the jury being improperly informed of its responsibilities. After informing the jury that it was to base its verdict in the case on the law and the evidence, the trial judge further stated that innocent people are sometimes convicted by mistake. The trial judge continued in advising the jury that only the law of Leake County applied to the case. The following excerpt captures the judge’s preliminary advice to the jury with respect to the applicable law:
We’re not talking about the laws in Jackson or anywhere else. We’re talking about your law. Every case that you consider is a law of Leake County. Every case that will be presented is a case of Leake County[1] — nowhere else. And if you make a mistake, that’s all right. And when you go home and you think about, well, did I do the right thing. Judge Gordon told me to be fair and impartial and I tried to be, but I may have made a mistake. And that’s alright. That’s just the way the system works. If a mistake is made, that’s fine. That’s just the way the system works. The system has worked whenever you do that.
¶ 15. The majority quotes other relevant portions of the judge’s sua sponte remarks reflecting the judge’s comments regarding his criticism of the Mississippi Department of Corrections (MDOC) and the MDOC’s early release of prisoners. The dissent will not recite the comments in their entirety; rather, I only note the impact of the further comments on the burden of proof and the applicable law in the case. In doing so, the record reflects that the trial judge’s comments advised the jury that a decision had to be made; otherwise, “you’re not going home safely when you leave this courthouse.” Further, the judge opined that the jury could never be free from fear if they failed to “ante up their responsibility.”[2]
¶ 16. As the majority explains, Henry Lindsey claims that the trial judge should have disqualified himself after speaking sua sponte with the potential jurors. Alternatively, the State contends that the judge was not biased and that Lindsey selectively quoted portions of the judge’s introductory remarks. The State properly points out that Lindsey failed to move for the judge’s recusal at the trial level and failed to include the recusal issue in his motion for a new trial. I agree that the recusal issue is without merit based on our abuse-of-discretion standard of review. Shumpert v. State, 983 So.2d 1074, 1078 (¶ 14) (Miss.Ct.App.2008). However, I ex *126 press great concern regarding the impact of the trial judge’s comments upon the jury’s understanding of its responsibility and ultimately upon Lindsey’s ability to receive a fair trial by a properly instructed jury.
¶ 17. Briefly addressing the recusal issue, I recognize that this Court reviews such assignments of error under an abuse-of-discretion standard, and the appellant must overcome a presumption that the judge is qualified and unbiased. Id. The presumption of the judge’s impartiality may only be overcome by evidence which raises a reasonable doubt as to the validity of the presumption that the judge is qualified and unbiased. Id. As noted above, Lindsey failed to preserve the recusal issue for appellate review and has not provided evidence beyond a reasonable doubt that the trial judge possessed bias against Lindsey.
¶ 18. As stated, I find that the recusal issue lacks merit. I nonetheless find that the trial judge’s comments constitute plain error, violating Lindsey’s Sixth Amendment rights and prejudicing his ability to receive a fair trial. Furthermore, Lindsey’s due-process rights encompass the right to a properly instructed jury. See Shaffer v. State, 740 So.2d 273, 282 (¶ 31) (Miss.1998) (holding that the trial court’s failure to properly instruct the jury on the elements of the crime charged implicated Justin David Shaffer’s due-process rights); but see Kolberg v. State, 829 So.2d 29, 50-51 (¶ 40) (Miss.2002) (employing a harmless-error analysis to a challenge to jury instructions). However well-intentioned, the trial judge’s preliminary comments improperly instructed the jury as to the law applicable to the case and the State’s burden of proof.
¶ 19. The State’s brief points out that Lindsey’s objections focus on aspects of the laws pertaining to the criminal justice system[3] but not directly to Lindsey. I agree. However, the impact of the judge’s preliminary comments to the jury regarding his views of the law and the criminal justice system affected how the jury was instructed in this case as to what law to apply and how to apply it. While noting that the trial judge’s comments focused on the laws pertaining to the criminal justice system, the State failed to address whether these comments caused prejudice to Lindsey’s constitutional right to a fair trial.
¶ 20. Because I find that the trial judge’s comments affected Lindsey’s constitutional right to a fair trial, I would reverse Lindsey’s conviction and sentence and remand this case for a new trial. Therefore, I respectfully dissent.
KING, C.J., LEE, P.J., AND ISIIEE, J., JOIN THIS OPINION.

. Henry Lindsey was indicted for and convicted of possession of contraband in a private correctional facility, contrary to the provisions of Mississippi Code Annotated section 47-5-193 (Supp.2009). At the time of the commission of the indicted offense, Lindsey was serving a sentence for armed robbery. Even though Lindsey was indicted by a Leake County grand jury, the indictment charged a violation of state statutory law, not a law pertaining only to or enacted by Leake County. Such comments to the jury that only Leake County law applied was erroneous and confusing.

. Our supreme court has warned against fear arguments by prosecutors as paths to conviction. Brown v. State, 986 So.2d 270, 275 (¶¶ 11-12) (Miss.2008) (warning prosecutors not to use "send-a-message” arguments and holding that in some circumstances, such arguments alone constitute reversible error).

. The MDOC policy regarding early release of prisoners constitutes a policy matter beyond the scope of the indictment in this case and is not a proper matter for the jury's consideration in this case.