CARLTON, J.,
for the Court:
¶ 1. Tyderius Ford appeals the Washington County Circuit Court’s denial of his motion for post-conviction relief (PCR). Ford argues that the trial judge erred in failing to recuse himself from ruling on Ford’s PCR motion. Finding no error, we affirm.
FACTS
¶ 2. On November 4, 1997, a jury before the Washington County Circuit Court found Ford guilty of conspiracy to commit robbery, armed robbery, and possession of a weapon by a convicted felon. Ford received consecutive sentences of five years for the conspiracy conviction, forty years for the armed-robbery conviction, and three years for the possession-of-a-weapon conviction. In 1999, this Court affirmed Ford’s convictions. See Ford v. State, 753 So.2d 489, 492 (¶¶ 17-18) (Miss.Ct.App.1999).
¶ 3. On March 3, 2010, after receiving permission from the Mississippi Supreme Court, Ford filed a PCR motion seeking a new trial based on newly discovered evidence. The alleged newly discovered evidence consisted of two affidavits from Ford’s codefendant, Robert McCullough, wherein McCullough purportedly recanted his trial testimony implicating Ford. The trial judge set Ford’s case for a July 2010 evidentiary hearing. When McCullough failed to appear at the hearing, even though subpoenaed, the trial judge continued the hearing in order for McCullough to be located and brought before the trial court.
*327 ¶ 4. On June 17, 2011, Ford filed a motion for recusal of the trial judge. By order dated June 29, 2011, the trial judge denied Ford’s motion for recusal. The trial judge thereafter granted Ford’s motion for appointed counsel and ordered a Washington County public defender to represent him in his PCR matter.
¶5. The trial court later set a second hearing for March 2012.[1] Once again, McCullough failed to appear. Following the hearing, the trial judge granted a motion for an indefinite continuance until such a time that McCullough could be located and brought before the court.
¶ 6. Then, in April 2012, Ford filed a rebuttal to the State’s response to his PCR motion. The trial judge considered Ford’s rebuttal as a withdrawal of his request for an indefinite continuance. On July 26, 2012, the trial judge denied Ford’s PCR motion after determining Ford was not entitled to a new trial. Aggrieved, Ford appeals.
STANDARD OF REVIEW
¶ 7. This Court will not reverse a trial judge’s denial of a PCR motion “absent a finding that the trial judge’s decision to deny the motion was clearly erroneous.” Johnson v. State, 70 So.3d 262, 263 (¶4) (Miss.Ct.App.2011). “However, when reviewing issues of law, this Court’s proper standard of review is de novo.” Id.
DISCUSSION
I. RECUSAL
¶ 8. In his only assignment of error on appeal, Ford argues that the trial judge, who presided over his criminal trial and sentenced him, erred in denying his request for the trial judge’s recusal in this PCR action. Ford asserts that the trial judge’s comments during his sentencing hearing indicated the judge’s personal bias against him. Specifically, Ford alleges that at his December 1997 sentencing hearing, the trial judge stated:
It’s even worse for you because you don’t even live in Washington County. I don’t know why you had to come in Washington County to commit a crime, but I would recommend in the future that you go commit your crimes in some other area, particularly the county of your residence, but not in our county.
¶ 9. The Mississippi Code of Judicial Conduct, our state statutes, and the state constitution speak to the matter of recusal. See Miss.Code of Jud. Cond.Can-on 3(E)(1); Miss.Code Ann. § 9-1-11 (Rev.2002); Miss. Const, art. 6, § 165; see also King v. State, 821 So.2d 864, 868 (¶ 12) (Miss.Ct.App.2002). ‘When reviewing whether a judge should have recused himself, this Court uses an objective test: A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality.” King, 821 So.2d at 867 (¶ 13) (internal quotations omitted). The challenger holds the burden of overcoming the presumption “that a judge, sworn to administer impartial justice, is qualified and unbiased.” Id. (citation omitted).
¶ 10. “When a judge is not disqualified under the constitutional or statutory provisions, the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion.” Johnson, 70 So.3d at 264 (¶ 7). When asked to review a trial judge’s denial of recusal, this Court “will look to the whole trial and pass upon questions on *328 appeal in the light of the completed trial. Every act and movement had during the entire trial will be considered, and if we are unable to find that rulings have been prejudicial to the defendant, we will not reverse.” King, 821 So.2d at 868 (¶ 15).
¶ 11. A photocopy of one page of Ford’s sentencing-hearing transcript is attached as Exhibit “A” to his motion for recusal. However, the complete transcript of the sentencing hearing is not part of the record in this PCR proceeding. As such, Ford’s allegation is unsupported. Even if a full transcript of the sentencing hearing was contained in the appellate record, the words allegedly spoken by the trial judge fall short of showing prejudice or partiality. Hence, Ford’s accusation fails to overcome the presumption that the trial judge was qualified and unbiased. See Fulks v. State, 110 So.3d 764, 771 (¶¶ 23-27) (Miss.2013) (finding that the trial judge committed no manifest error in denying the defendant’s motion for recusal based on comments made by the judge during the course of trial); Shumpert v. State, 983 So.2d 1074, 1078 (¶ 15) (Miss.Ct.App.2008) (finding no manifest error in the trial judge’s denial of a motion to recuse based on the judge’s alleged relationship with the victims). The record before this Court fails to suggest prejudice or partiality by the trial judge. No evidence exists showing that the trial judge abused his discretion by failing to recuse himself.[2]
II. NEWLY DISCOVERED EVIDENCE
¶ 12. In his PCR motion, Ford claimed newly discovered evidence.[3] On appeal, however, Ford fails to argue this issue that he presented to the trial judge in his PCR motion; instead, he asks that this Court reverse and remand his case for the appointment of another judge, an issue we have already addressed. Issues raised in a PCR motion that are not supported on appeal are abandoned and need not be considered by this Court. See Fluker v. State, 17 So.3d 181, 182-83 (¶ 4) (Miss.Ct.App.2009). Accordingly, we find that Ford abandoned the newly-discovered-evidence issue that he presented in his PCR motion to the trial judge, and we will not consider it on appeal.
¶ 13. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.

. The trial court’s order states that the matter was set for a second hearing in March 2012 at Ford's request.

. We also note that Ford's motion seeking recusal of the trial judge was untimely. Ford failed to comply with Rule 1.15 of the Uniform Rules of Circuit and County Court, which requires a party filing a motion for recusal to file the motion with the judge who is the subject of the motion within thirty days following notification of the judge’s name who is assigned to the case; or, if based upon facts that could not have reasonably been known to the filing party within such time, within thirty days after the party filing the motion could have reasonably discovered the facts underlying the asserted grounds. Ford filed his motion seeking recusal well after this thirty-day period.

. See Esco v. State, 102 So.3d 1209, 1213-14 (¶¶ 10-14) (Miss.Ct.App.2012) (finding no error in trial court’s denial of defendant's PCR motion alleging recanted testimony by material witness).