McMILLIN, C.J.,
for the Court:
¶ 1. Jerome Collier, convicted of robbery by a Tunica County Circuit Court jury, has appealed that conviction to this Court claiming that the verdict of guilty was against the weight of the evidence. We find Collier’s appeal to be without merit and affirm the conviction.
¶2. The State presented evidence that Collier,. along with an accomplice, arrived by automobile at a convenience gas mart in Tunica County, after which Collier entered the store on the pretext of borrowing the telephone. Collier’s companion, identified as Davien Stokes, then entered the store with a ski mask pulled over his face and holding one hand behind his back in an apparent effort to make it appear that he was armed. The store clerk heeded Stoke’s command to hand over the money in the cash register. The clerk testified at trial that Stokes ordered him to give the money to Collier. Stokes, testifying on behalf of the State at Collier’s trial, said only that Collier grabbed the money from the clerk. After obtaining the funds, Collier and Stokes fled the store together and sped away in a vehicle driven by Stokes. They were apprehended within minutes of the robbery. Collier, riding in the passenger seat at the time police officers stopped the vehicle, was discovered to have his shoes off. Officers searching the vehicle discovered a pair of shoes with several hundred dollars in cash stuffed into one of them.
¶ 3. The defense rested without calling any witnesses.
¶ 4. Collier concedes on appeal that the State presented sufficient evidence implicating him in the crime to create a jury issue. Therefore, he does not seek to have his conviction reversed and rendered based on legally insufficient evidence to establish one or more of the essential elements of the charge of robbery. See, e.g., Vaughan v. State, 759 So.2d 1092(¶ 19) (Miss.1999). Rather, Collier limits himself to a claim that the verdict was against the weight of the evidence — a proposition which, if found to have merit by this Court, would require us to reverse the conviction and remand the case to the circuit court for a possible new trial. Boyd v. State, 754 So.2d 586(¶ 11) (Miss.Ct.App.2000).
¶ 5. A claim that the verdict is against the weight of the evidence must be first submitted to the trial court in a post-verdict motion for new trial. URCCC 10.05, Lockridge v. State, 768 So.2d 331(¶ 17) (Miss.Ct.App.2000). The trial court has substantial discretion in weighing such a claim and is charged to grant a new trial if, after reviewing all the evidence in the light most favorable to upholding the verdict, the court is convinced that to permit the guilty verdict to stand would constitute a manifest injustice. Id. *379 If the trial court denies the new trial motion and that denial is urged as error on appeal, the appellate court must review all the evidence in the same light and may reverse only if the court determines that the trial court abused its discretion in denying the defendant a new trial. Id.
¶ 6. In this case, Collier quibbles over discrepancies in the testimony of the store clerk and Collier’s accomplice, Stokes, as to how many times Collier entered the store. Stokes testified that Collier entered once, for the apparent purpose of assessing the suitability of the store for the proposed robbery, and then re-entered after he and Stokes had consulted outside to finalize the robbery plans based on Collier’s scouting efforts. The store clerk, on the other hand, was unable to say with any certainty that Collier had entered the store more than once — that being the time the actual robbery was committed.
¶ 7. Collier points out that an accomplice’s testimony must be viewed with suspicion. Jones v. State, 740 So.2d 904(¶ 17) (Miss.1999). From that premise, Collier would have this court conclude that the clerk’s version is the more likely and that evidence that Collier only entered the store once is consistent with his theory of the case that he had merely caught a ride with Stokes and was as surprised as the clerk when Stokes proceeded to rob the store. Collier’s argument appears to focus in on the notion that it was crucial to the State’s case to show that Collier entered the store twice in order to prove his actual participation in the robbery since he was not the one who actually demanded money from the clerk.
¶ 8. The most apparent problem with Collier’s argument is that he presented no evidence at trial to support his theory of the case. The jury, in assessing the evidence put before it, is entitled to draw reasonable inferences from the evidence. In this case, we are satisfied that (a) the facts that Collier arrived at the store with Stokes, (b) that Collier accepted the money tendered by the store clerk on Stokes’s demand, (e) that Collier fled the store in the company of Stokes, and (d) that the money derived from the robbery was discovered concealed in Collier’s shoe was enough for the jury to conclude that Collier was a willing participant in the crime whether he entered the store once or twice on the night in question. Of course, there was, in addition to that evidence and the inference of Collier’s willing participation that could be drawn from it, the direct testimony of Stokes that he and Collier planned the robbery in advance of arriving at the store and that everything done by Collier was in furtherance of the robbery plan. The fact that an accomplice’s testimony must be viewed with heightened suspicion does not mean that it loses all probative value. Stokes’s testimony was, in all essential details, consistent with other evidence of what transpired during the robbery. It was not improbable nor was it impeached by cross-examination or other means, and, if accepted by the jury as true, substantially implicated Collier in the crime.
¶ 9. We are satisfied, beyond question, that the guilty verdict in this ease was not contrary to the weight of the credible evidence presented to the jury for its consideration.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
*380 KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.