¶ 1. Larry Collins was convicted of the crimes of rape and armed robbery arising out of an incident that occurred at Lake Lowndes campground in Lowndes County. On appeal, Collins asserts two issues for consideration. First, he contends that the State's evidence implicating him in the crimes was insufficient as a matter of law to sustain the verdicts of guilty returned by the jury. Alternatively, he contends that the guilty verdicts were against the weight of the evidence to the degree that he should be granted a new trial.
¶ 2. We find both issues to be procedurally barred from consideration on appeal and, for that reason, affirm the verdicts of guilty and the resulting judgment of sentence.
¶ 3. At the conclusion of the State's proof, Collins moved for a directed verdict of acquittal on the basis that the prosecution had failed as a matter of law to present evidence of all of the essential elements of the crimes for which he was being tried. The trial court denied the motion and the defense proceeded to call one witness for the defense. At the conclusion of that witness's testimony, the defense rested. Collins's motion for a directed verdict of acquittal was not renewed.
¶ 4. It is a long-established rule in Mississippi that if a defendant tests the sufficiency of the State's evidence by way of a motion for directed verdict of acquittal after the prosecution has rested and that motion is unsuccessful, the defendant is deemed to have waived a claim of error based on that denial if he proceeds to put on evidence in defense and then fails to renew the motion at the close of all the evidence. Turner v. State, 721 So.2d 642, 647 (¶ 16) (Miss. 1998). Collins's failure to renew his motion or to present the issue to the trial court in a motion for judgment notwithstanding the verdict acts as a procedural bar to our consideration of this issue on appeal.
¶ 5. Essentially the same considerations hold true in regard to Collins's alternate contention that the verdict was against the weight of the evidence, entitling him to a new trial. An appellate court's purpose is to deal with errors committed by the trial court in the course of conducting a trial. Collins v. State, 173 Miss. 179, 159 So. 865 (1935). An appellate court does not, as a general rule subject to some limited exceptions, consider allegations of improprieties in the conduct of the trial that were not properly raised with the trial court at the appropriate juncture. A claim that the verdict was against the weight of the evidence must be *Page 219 
first presented to the trial court since that court is best positioned to make an informed decision as to such issue, having had the benefit of hearing the evidence first-hand. McClain v. State, 625 So.2d 774, 781 (Miss. 1993). An appellate court's role as to such a contention is limited to deciding whether the trial court, in denying a new trial motion, has abused the discretion afforded to that court in making such a determination. Id. If the trial court is not permitted that opportunity through the timely filing of a post-verdict motion for new trial, there is no opportunity for the trial court to commit the error that must necessarily precede the intervention of the appellate court. Collier v.State, 811 So.2d 377, 378-79 (¶ 5) (Miss.Ct.App. 2001).
¶ 6. Because there was no motion for new trial filed in this cause, there is no error by the trial court regarding its evaluation of the evidence for this Court to review under the applicable abuse of discretion standard. Collins's second contention is procedurally barred.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OFCONVICTION ON COUNT I OF RAPE AND SENTENCE OF LIFE AND ON COUNT II OFARMED ROBBERY AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPIDEPARTMENT OF CORRECTIONS, WITH SENTENCES TO RUN CONSECUTIVELY AND SHALLNOT BE REDUCED OR SUSPENDED AND DEFENDANT SHALL NOT BE ELIGIBLE FORPAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSEDTO LOWNDES COUNTY.
KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS,CHANDLER AND GRIFFIS, JJ., CONCUR.