IRVING, J.,
for the Court.
¶ 1. Following a jury trial, Christopher Lashon Johnson was convicted in the Circuit Court of Monroe County of depraved heart murder and sentenced to life imprisonment. Aggrieved, Johnson appeals and alleges that the trial court erred in refusing to grant his motion for a directed verdict, judgment notwithstanding the verdict, and motion for a new trial.
¶ 2. We find no error; therefore, we affirm Johnson’s conviction and sentence.
FACTS
¶ 3. On April 14, 2002, Christopher La-shon Johnson and Patrick “Frog” Sullivan attended a car show and sound system contest at the North Mississippi Motor Sports Racetrack on Highway 8 in Monroe County. Approximately 1,000 to 1,500 people were in attendance. Winners of the sound system contest received trophies. Sullivan, a contestant, became upset when he did not win a first place trophy, and began cursing the contest officials. After receiving a second place trophy, he smashed it to the ground. Thereafter, Sullivan started a fight by punching a man. A melee ensued, and someone fired a gun in the air and then fired several shots into the crowd. Jermaine De-loach, also an attendee at the sound system contest, was seated on the hood of his car about thirty to forty yards from the site of the fight and was struck in the temple by one of the shots and was killed.
*219 ¶ 4. At trial, six witnesses testified that Johnson was the person who fired the pistol in the air and then into the crowd. Johnson took the stand in his defense and denied that he was involved in the shooting. Additional facts will be given during our discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Sufficiency of the Evidence

¶ 5. In this issue, Johnson argues that there is no credible evidence to establish that he discharged the gun into the crowd or toward any human being. “Requests for motions for directed verdicts and judgments notwithstanding the verdict implicate the sufficiency of the evidence.” Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss.1998). The Mississippi Supreme Court has clarified the standard of review for challenges to both the sufficiency of the evidence and the weight of the evidence. In determining whether the evidence is sufficient we must find, “after viewing the evidence in the light most favorable to the prosecution, [that] any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush, 895 So.2d at 836, 843(¶16) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). “[I]f a review of the evidence reveals that it is of such quality and weight that, ‘having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded [persons] in the exercise of impartial judgment might reach different conclusions on every element of the offense,’ the evidence will be deemed to have been sufficient.” Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 6. Mississippi Code Annotated section 97-3-19(l)(b) (Supp.2005) provides:
(1) The killing of a human being without the authority of law by any means or in any manner shall be murder ... [w]hen done in the commission of an act eminently [sic] dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual.
¶ 7. Johnson contends that he was simply trying to break up the fight and had a cellular telephone in his hand, not a gun. Johnson insists that he has never owned a gun and claims to be the victim of mistaken identity. However, the State presented six eyewitnesses, most of whom did not know each other, who testified that they had witnessed Johnson intentionally fire an automatic weapon into the crowd. There is no merit to Johnson’s contention that he did not fire into the crowd. Johnson’s actions placed every person present at the contest in imminent danger. On the evidence presented, reasonable persons could have found beyond a reasonable doubt that Johnson intentionally fired a gun into a. crowd of people, thereby killing Deloach. The jury’s verdict was proper based on the evidence presented; therefore, we find no error.

2. Denial of New Trial

¶ 8. In this issue, Johnson contends that the trial court erred in not granting his motion for a new trial because the jury’s verdict was against the overwhelming weight of the evidence. In Gray v. Turner, 245 Miss. 65, 69, 145 So.2d 470, 472 (1962), (citing Williams v. Hood, 237 Miss. 355, 359, 114 So.2d 854, 856 (1959)), the Mississippi Supreme Court stated, “Although the court’s power to set aside a jury verdict and grant a new trial should be exercised with caution, this Court has the duty to review the evidence and cancel the verdict if it is against the overwhelm *220 ing weight of the evidence.” In Bush, the court held that in order to reverse the verdict must be “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844(¶ 18) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). “The evidence should be weighed in the light most favorable to the verdict.” Id. “The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Id. (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947(¶ 18) (Miss.2000)).
¶ 9. Johnson, while continuing to deny that he fired the fatal shot, argues that at best the State presented evidence sufficient for a conviction of culpable negligence manslaughter or manslaughter, rather than for depraved heart murder. Johnson also argues that “no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” The evidence simply does not support this argument. As previously noted, six eyewitnesses testified that Johnson fired a weapon into a crowd of people, causing the death of Deloach. This is a classic case of depraved heart murder; thus, the jury’s verdict is not against the overwhelming weight of the evidence and allowing his conviction to stand does not “sanction an unconscionable injustice.” The trial court did not err in refusing to grant Johnson’s motion for a new trial, and Johnson’s contentions to the contrary are without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF DEPRAVED HEART MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.