987 So.2d 1074 (2008)
Bernard YOUNG, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00989-COA.
Court of Appeals of Mississippi.
July 29, 2008.
*1075 George T. Holmes, Jackson, attorney for appellant.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Bernard Young was convicted of murder. On appeal, Young argues that the circuit court erred by allowing hearsay testimony and that his conviction was against the overwhelming weight of the evidence. We find no error and affirm.

FACTS
¶ 2. On June 26, 2006, Tamara Neal dropped her children off at daycare and then went to the Lee County Sheriff's Department to file a stalking complaint. The personnel at the front desk of the sheriff's department told her that she had to file her complaint in Plantersville. At approximately 9:30 a.m., Neal was found shot to death in her car near the Plantersville city limits.
¶ 3. Carrie Culver, an information officer for the Lee County Sheriff's Department, testified that on June 26, 2006, Neal came into the sheriff's department to file a stalking complaint. Culver stated that while she was taking down the report, a black man, who she later identified as Young, came into the lobby and told Neal, "I would just like to talk to you." Culver testified that Neal replied, "I'm tired of you following me. I just want you to leave me alone. I'm taking out papers." Culver said that Young left after Neal said, "I'm taking out papers." When Culver learned that Neal lived in Plantersville, she told Neal that she had to file her report in Plantersville.
¶ 4. Culver said that approximately twenty minutes after Neal left, Young returned to the lobby of the sheriff's department. She testified that Young told her, "I'm here to turn myself in." She stated that she replied, "[w]ell, she did not file a report with our agency." She said that he then responded, "I know. I shot her. . . . I shot her." Culver then handcuffed Young and called for assistance.
¶ 5. Ken Ables testified that he was driving from Tupelo toward Nettleton on Highway 6 when he saw a vehicle make a u-turn on the highway and come toward him at a high rate of speed. He said the vehicle was a mid-sized sport utility vehicle (SUV). Several witnesses testified that Young drove a car that fit this description. Ables also testified that he saw a car in the northbound lane facing south near Plantersville. He drove up to the car and found *1076 two other individuals calling 911. Neal's body was in the car.
¶ 6. Wanda Settlemires testified that she and her husband were heading to Tupelo when they approached a car that was blocking the road. She said that a slim black man between twenty and thirty years old got out of a SUV that had blocked the car and shot into the car with a pistol. After the gunman left, Settlemires and her husband called 911.
¶ 7. After Culver arrested Young, Cary Gaddy, an investigator with the Lee County Sheriff's Department, took Young to another room. Gaddy read Young his Miranda rights and asked him if he understood those rights. Gaddy testified that Young said, "yes." Gaddy also testified that Young gave him a statement after Young was read his rights. Gaddy testified that Young said that he shot her on Highway 6, left her in her car, and returned to the sheriff's office.[1] Gaddy also testified that Young said that he threw the gun out on Briar Ridge Road near a Dollar General store, but the sheriff's department never recovered the pistol. Gaddy said all of Young's statements were given freely and voluntarily. Later, another officer tried to get a formal written statement and waiver from Young, but Young invoked his right to counsel.

ANALYSIS

I. Hearsay Testimony

A. Hearsay

¶ 8. This Court reviews a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard of review. Edwards v. State, 856 So.2d 587, 592(¶ 12) (Miss.Ct.App.2003).
¶ 9. During the trial, the trial judge allowed Culver to testify to a conversation that she overheard between Young and Neal in the lobby of the sheriff's department. Culver testified that Young told Neal, "I would just like to talk to you." Culver stated that Neal replied, "I'm tired of you following me. I just want you to leave me alone. I'm taking out papers."[2] The trial judge allowed this statement to be admitted in evidence under Mississippi Rule of Evidence Rule 803(1) and 803(3). Young argues that the trial judge abused her discretion when she allowed these statements into evidence because the statements were hearsay that do not fall under any exception.
¶ 10. The State argues that this issue was waived on appeal because Young did not make a contemporaneous objection during trial. The trial court did address this issue outside of the presence of the jury. Young's attorney essentially conceded the State's hearsay argument, but he did object on the ground of a discovery violation. The trial court, however, made a ruling regarding the hearsay issue on the record and cited case law. Therefore, we will address this error on appeal.
¶ 11. Mississippi Rule of Evidence 801(c) defines hearsay as, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The threshold question when addressing a hearsay issue is *1077 whether the statement is actually hearsay. Gayten v. State, 595 So.2d 409, 414 (Miss. 1992).
¶ 12. Here, the evidence offered was not a statement that was made to prove the truth of the matter asserted. The evidence was not offered to prove that Young was in fact stalking Neal. Instead, the statements establish that Young had notice that Neal wanted to file a police report against him. Thus, the jury could infer that Young was talking about Neal when he responded to Culver's statement that "[w]ell, she did not file a report with our agency," by stating, "I know. I shot her. . . . I shot her."
¶ 13. Likewise, the statement by Young to Neal that he "would just like to talk to [her]" is not hearsay. It was not offered to prove the truth of the matter asserted. Therefore, his statement was properly admitted.

B. Crawford Analysis
¶ 14. Next, Young argues that the statements Neal made to him in front of Culver violate his constitutional right to confront witnesses under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), because her statements were testimonial in nature. In its brief, the State did not respond to any of Young's Crawford arguments. Instead, the State relied upon Mississippi case law regarding hearsay. Young, however, did not specifically object to Culver's testimony as being a violation of his Sixth Amendment right to confront witnesses. Therefore, we find that Young waived his objection regarding Crawford. The Mississippi Supreme Court has stated that "[c]ounsel must make specific objections in order to preserve a question for appellate review. This Court has said many times that general objections will not suffice. Objections to the admissibility of evidence must specifically state the grounds; otherwise, the objection is waived." Seeling v. State, 844 So.2d 439, 445(¶ 17) (Miss.2003). Notwithstanding Young's waiver, we will briefly address the merits of this issue.
¶ 15. In Crawford, the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford, 541 U.S. at 53-54, 124 S.Ct. 1354. The Supreme Court, however, decided not to establish a comprehensive definition for the term "testimonial statement." Id. at 68, 124 S.Ct. 1354.
¶ 16. Many cases in this state and other states have tried to distinguish between testimonial and non-testimonial statements. In Mississippi, our supreme court has stated that "a statement is testimonial when it is given to the police or individuals working in connection with the police for the purpose of prosecuting the accused." Hobgood v. State, 926 So.2d 847, 852(¶ 12) (Miss.2006). We conclude that the statements made by Neal to Young are not testimonial under the definition established by the Mississippi Supreme Court. Even though the purported conversation took place in the lobby of the sheriff's department, we find that the statements made by Neal to Young were not given to law enforcement for purposes of prosecuting Young. In fact, the statements were overheard by law enforcement and not directed toward or given directly to law enforcement. Therefore, under the limited definition of what constitutes a testimonial statement given to us by the United States Supreme Court and our supreme court, we must find that there is no violation of Crawford.

II. Weight of the Evidence
*1078 ¶ 17. After a thorough review of the record, we find that Young did not file a motion for a new trial. We have previously stated:
A claim that the verdict was against the weight of the evidence must be first presented to the trial court since that court is best positioned to make an informed decision as to such issue, having had the benefit of hearing the evidence first-hand. An appellate court's role as to such a contention is limited to deciding whether the trial court, in denying a new trial motion, has abused the discretion afforded to that court in making such a determination. If the trial court is not permitted that opportunity through the timely filing of a post-verdict motion for new trial, there is no opportunity for the trial court to commit the error that must necessarily precede the intervention of the appellate court.
Collins v. State, 858 So.2d 217, 218-19(¶ 5) (Miss.Ct.App.2003) (citations omitted). In Collins, we held that Collins's argument regarding the weight of the evidence was procedurally barred because Collins did not move for a new trial. Id. at 219(¶ 6). Like Collins, we find that Young's assignment of error regarding the weight of the evidence is procedurally barred because he did not file a motion for a new trial.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Young never mentioned his victim by name.
[2] On appeal, Young actually claims the hearsay statement is: "He's just following me, he just keeps following me, I'm just tired of it, I want him to stop following me." After reviewing the record, we find that the statement Young cites is actually from a hearing held before Culver testified, and this statement was made by the prosecutor relaying what he predicted Culver's testimony would be. The Court will address the statement made by Culver at trial.