*263
 
 LEE, C.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Christopher Lashon Johnson was found guilty of depraved-heart murder by a jury in the Monroe County Circuit Court. Johnson was sentenced to life in the custody of the Mississippi Department of Corrections. This Court affirmed Johnson’s conviction in
 
 Johnson v. State,
 
 950 So.2d 217 (Miss.Ct.App.2006).
 

 ¶ 2. After receiving permission from the Mississippi Supreme Court, Johnson filed a motion for post-conviction relief in the Monroe County Circuit Court. The trial judge subsequently entered an order requiring the State to file a written response to Johnson’s motion within sixty days. Johnson then filed a motion for the judge to recuse, arguing that the trial judge’s impartiality was questionable. The trial judge denied this motion.
 

 ¶ 3. After an evidentiary hearing on Johnson’s motion for post-conviction relief, the trial judge denied Johnson’s request for relief. Johnson now appeals, asserting that the trial judge erred in denying his motion for post-conviction relief and that the trial judge should have granted his recusal motion. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial judge’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial judge’s decision to deny the motion was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. MOTION FOR POST-CONVICTION RELIEF
 

 ¶ 5. In his first issue on appeal, Johnson contends that a new trial is warranted since several eyewitnesses recanted their testimonies after trial. Johnson argues that if the jury was allowed to hear the recanted testimonies, then the jury would not have convicted him. During the evidentiary hearing, the trial judge heard three of the six original eyewitnesses testify. In denying Johnson’s motion for post-conviction relief, the trial judge found that “rather than outright recantation of previous testimony, the witnesses who have appeared before this court have in some way expressed some doubt, but none of them has, in my opinion, said out and out that ... their [trial] testimony was incorrect.” The trial judge then reiterated that there was considerable testimony at trial that Johnson did commit the crime. It is clear that these three witnesses expressed doubt about their original trial testimony, but none stated that the trial testimony was incorrect.
 

 ¶ 6. “A determination of whether or not a new trial should be granted on recanted testimony is reviewed under an abuse of discretion standard.”
 
 Farrish v. State,
 
 920 So.2d 1066, 1068 (¶ 9) (Miss.Ct. App.2006). At the hearing on a motion for post-conviction relief, the trial judge sits as the trier of fact and resolves any credibility issues.
 
 Henderson v. State,
 
 769 So.2d 210, 213 (¶ 8) (Miss.Ct.App.2000). The trial judge was able to assess the credibility of the three eyewitnesses who testified at the hearing. Upon our review, we cannot find that the trial judge abused his discretion in denying Johnson’s motion for post-conviction relief. This issue is without merit.
 

 
 *264
 
 II. MOTION TO RECUSE
 

 117. In his other issue, Johnson argues that the trial judge erred in denying his motion to recuse. Johnson argues that a reasonable person would harbor doubts about the trial judge’s impartiality. “When a judge is not disqualified under the constitutional or statutory provisions[,] the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion.”
 
 Jones v. State,
 
 841 So.2d 115, 135 (¶ 60) (Miss.2008).
 

 ¶ 8. Johnson focuses on the wording in the trial judge’s order that required the State to file an answer to Johnson’s motion for post-conviction relief. The specific wording is as follows: “The Mississippi Supreme Court has granted [Johnson] leave to proceed with this [motion.] As such, this Court will not summarily dismiss the Motion and, pursuant to Mississippi] Code Annotated] [section] 99-39-11 [ (Rev.2007) ], the State must file an answer before further proceedings may be had.” Johnson contends that the trial judge showed his partiality by stating that he would have “summarily dismissed” Johnson’s petition but for the order of the supreme court.
 

 ¶ 9. When a case is affirmed on direct appeal, Mississippi Code Annotated section 99-39-7 (Rev.2007) mandates that permission be obtained from the supreme court to seek post-conviction relief from the trial court. “This procedure is not merely advisory, but jurisdictional.”
 
 Doss v. State,
 
 757 So.2d 1016, 1017 (¶ 6) (Miss. Ct.App.2000). Thus, if Johnson had not received permission from the supreme court to seek post-conviction relief in the trial court, the trial judge would have had no choice but to dismiss Johnson’s motion. We fail to see how the trial judge’s wording in the order reflects any prejudice toward Johnson. This issue is without merit.
 

 ¶10. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.