CARLTON, J.,
for the Court:
¶ 1. Feriando Esco appeals the Madison County Circuit Court’s denial of his motion for post-conviction relief (PCR). A jury convicted Esco of the following offenses on six counts of the indictment: Count I, aggravated assault; Count II, armed robbery; Count III, conspiracy to commit aggravated assault; Count IV, conspiracy to commit armed robbery; Count V, possession of a firearm by a prior convicted felon; *1211 and Count VI, felony evasion. Esco filed a direct appeal of his conviction and sentence, and this Court affirmed the jury verdict and sentence. The Mississippi Supreme Court granted Esco’s motion for leave to file a motion for post-conviction relief in the trial court, specifically limiting the issue to the newly discovered evidence alleged by Esco in his motion. Esco claimed that his co-defendant, Michael Johnson, allegedly recanted his testimony provided at Esco’s trial. In his motion for PCR, Esco argued that the circuit court erred by (1) finding that Johnson was not threatened to give testimony favorable to the prosecution at Esco’s trial (2) violating Esco’s due process right during the evi-dentiary hearing; finding that Esco failed to meet his burden of proof regarding Johnson’s perjured testimony; (3) finding that Johnson was not threatened to give testimony favorable to the prosecution at Esco’s trial, (4) violating Esco’s due process right by interjecting testimony during Esco’s cross-examination of a witness, and (5) finding that Esco failed to meet his burden of proof regarding the alleged recanted testimony by Johnson. Finding no error in the circuit court’s denial of Esco’s motion, we affirm.
FACTS
¶ 2. On June 14, 2005, Esco, Isaiah Sanders, and Michael Johnson were all three arrested and charged after a botched attempt to rob William Curtis James Jr., at the McDonald’s restaurant in Madison, Mississippi. During the attempted robbery, James was shot. On the same day of the shooting, Sanders gave a videotaped confession in which he admitted to shooting James. Sanders then pled guilty.[1] Johnson also pled guilty. At Johnson’s plea hearing, Johnson testified that Esco masterminded the armed robbery. Johnson also stated that Esco called James to arrange the meeting at McDonald’s. Johnson testified that while at McDonald’s, Esco remained in the car because the victim knew him, but that Esco still directed Johnson via telephone on how to proceed with the robbery. Johnson stated that Esco provided Sanders with the gun that Sanders used to shoot James when Johnson tried to get into James’s vehicle. After the shooting and botched robbery, Esco drove the three conspirators away from the scene. During the plea hearing, Johnson swore under oath in open court that he had not been threatened, coerced, or given any promises in exchange for his plea. Johnson later testified at Esco’s trial, and his testimony mirrored the testimony he previously provided at his own plea hearing.
¶ 8. A jury sitting before the Madison County Circuit Court found Esco guilty of Count I, aggravated assault; Count II, armed robbery; Count III, conspiracy to commit aggravated assault; Count IV, conspiracy to commit armed robbery; Count V, possession of a firearm by a prior convicted felon; and Count VI, felony evasion. The circuit court sentenced Esco to life without parole on all counts, with the sentences in counts one through five to run concurrently, but the circuit court set count six to run consecutively to the other counts. As a result, Esco effectively was sentenced to two consecutive life sentences.
¶4. Esco appealed his conviction and sentence, which this Court affirmed on September 30, 2008. See Esco v. State, 9 So.3d 1156 (Miss.Ct.App.2008). On May 5, 2010, the Mississippi Supreme Court *1212 granted Esco’s motion for leave to file a motion for post-conviction relief in the trial court. The supreme court specifically limited the issue to the newly discovered evidence alleged by Esco in his motion, wherein Esco claimed that his co-defendant, Michael Johnson, recanted his testimony. In an affidavit signed by Johnson, Johnson stated that prior to his guilty plea, his attorney and an Assistant District Attorney told him that if he implicated Esco, then Johnson would receive a twelve-year sentence. However, if he failed to implicated Esco, Johnson would receive a forty-year sentence. Johnson also claimed there was no involvement by Esco in the crime, and that Esco was not at the scene of the crime. Johnson claimed Esco knew nothing about the crime.
¶ 5. On March 3, 2011, the circuit court held an evidentiary hearing on Esco’s claim. Johnson advised the defense counsel off the record that he did not wish to testify at the hearing, and Johnson requested that the circuit court just accept his affidavit. The transcript reflects that Johnson also provided the State and defense counsel with a copy of his section 1983 complaint, which had been filed one month prior, in which Johnson alleged that he had been threatened, intimidated, and harassed to sign an affidavit and to recant his prior testimony against Esco. Johnson nonetheless testified at the evidentiary hearing, and during direct examination, he testified largely consistent with his affidavit. However, during cross-examination, Johnson reaffirmed the testimony he previously provided at his own plea hearing and given by him at Esco’s trial, wherein he admitted Esco’s presence at the scene of the attempted robbery.
¶ 6. The circuit judge also heard testimony from all three Assistant District Attorneys who participated in Esco’s prosecution. All three prosecutors gave sworn testimony denying any coaching of Johnson’s testimony, and all three testified that Johnson’s version of events that implicated Esco in the armed robbery and aggravated assault remained consistent from day one. The prosecutors stated that Johnson never indicated that Esco was not involved in the crimes. The lead prosecutor also outlined other evidence from Esco’s trial that was consistent with and supported Johnson’s trial testimony. The defense attorney who represented Johnson at the time of his guilty plea also testified that, contrary to the assertions in Johnson’s affidavit, Johnson never indicated to him that Esco was not involved. The attorney also testified that no prosecutor pressured Johnson to enter a guilty plea or told him how to testify in Esco’s trial.
¶ 7. At the conclusion of the evidentiary hearing, recognizing Johnson’s fear of Esco, the circuit court denied relief, stating:
It is clear from Johnson’s testimony that he contradicted himself several times today. It is also clear to the court that he has a motivation to recant his guilty plea testimony and trial testimony relative to [Esco’s] involvement in this case, as evidenced by his expressed and acknowledged concerns for his safety, both pre-trial and post-trial. And I relate that I think he testified to those things there on the stand, but in particular, the way [Assistant District Attorney] Kesler testified about pre-trial moving Johnson from Madison County to Rankin County.
But also instructive on that issue to the court is that the federal lawsuit that he filed and the language on page five, paragraph one, that says, “Johnson had to be transferred as the torture of threat and influence Feriando Esco has on other affiliated inmate or agent and em *1213 ployees to coerce Johnson by threats and intimidating or mail, to torment, harass and threaten Johnson to sign an affidavit, coerced to get Johnson to withdraw his testimony in court for to exonerate Feriando Esco.
This is the third time I have seen Johnson in the courtroom. There’s no question in this [c]ourt’s mind he is concerned about his safety. And while he was very reluctant to relate that to [Esco] in this case, there’s no doubt in this court’s mind that Johnson’s concerns for his safety are based on his concern for Esco, and I believe that that is abundantly clear in his testimony and all of the things that have been testified to today.
It is also equally abundantly clear to the court that Johnson lacks credibility in his attempt to recant his testimony. It just does not stand up to all of the evidence that the court has had before it today. And I believe that I have complied with what is required of the court in Howell v. State [989 So.2d 372, 384 (¶ 33) (Miss.2008) ].
[[Image here]]
... Johnson testified, I believe, truthfully at his guilty plea hearing. That testimony, or his testimony at the trial was consistent with the testimony he gave at the guilty plea hearing when the court questioned him, and his testimony here today and the affidavits he gave, I believe, were clearly as a result of the intimidation that he feels. He was even inconsistent today in terms of his affidavit, relative to [Esco] being present there at McDonald’s.
So for all of those reasons, and the reasons that I’ve said, he is not credible on the issue of his recanting his testimony. And for those reasons, and the reasons put forth by the State, [Esco’s] petition for post-conviction collateral relief will be denied.
The circuit judge also recalled that during Johnson’s guilty plea hearing, which occurred prior to Esco’s trial, the judge asked Johnson if anyone had threatened him, intimidated him, or used force against him to cause him to change his plea from not guilty to guilty. The judge acknowledged that Johnson responded, “No, sir.”
¶ 8. Esco now appeals the circuit judge’s denial of his PCR motion and request for a new trial. Esco argues that Johnson’s affidavit provides evidence that Johnson’s testimony at Esco’s trial, which was the core evidence used to convict Esco, was perjured.
STANDARD OF REVIEW
¶ 9. A trial judge’s denial of a PCR motion will not be reversed absent a finding that the trial judge’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
I. Recanted Testimony
¶ 10. Esco claims that Johnson’s testimony at the evidentiary hearing established that Johnson’s testimony at Esco’s trial, which implicated Esco in the crimes charged, was fabricated. Esco argues that at the hearing, he met his burden of proving by a preponderance of the evidence that Johnson’s perjured trial testimony was used to convict Esco of the charges against him. Esco claims that the circuit judge erred in finding that Esco failed to meet his burden of proof regarding the alleged recanted testimony, and Esco thus argues that the circuit judge erred in de *1214 nying him post-conviction relief in the form of a new trial.
¶ 11. Esco cites to Johnson’s affidavit, which states “The testimony provided by me against Feriando Esco on the date of the trial in his case was totally incorrect. Esco was no place near the crime and actually knew nothing about this crime and knew nothing about it at all.” Esco claims that Johnson’s testimony is material to Esco’s conviction, and he claims that absent Johnson’s perjured testimony, there exists a substantial probability that a different verdict will be reached if a new trial is granted. Esco claims that stark inconsistencies in Johnson’s testimony should be heavily examined. Esco states that at his trial, Johnson provided the sole testimony identifying Esco as being present during the time of the offenses, thus implicating him in the crimes.
¶ 12. During the evidentiary hearing, the circuit judge heard testimony from Johnson and Johnson’s defense attorney who represented him during his guilty plea, as well as the prosecutors in Esco’s criminal trial. Assistant District Attorney Kessler testified that both Johnson’s guilty plea petition and his testimony at Esco’s trial were corroborated by other evidence in the case, including Esco’s cell phone, which had been recovered and still contained call logs. In denying Esco’s PCR motion, the circuit judge found it “abundantly clear to the court that Johnson lacks credibility in his attempt to recant his testimony. It just does not stand up to all of the evidence that the court has had before it today.”
¶ 13. The Mississippi Supreme Court has held that “[r]ecanted testimony does not entitle a defendant to a new trial.” Russell v. State, 849 So.2d 95, 107 (¶ 15) (Miss.2003). However, an evidentia-ry hearing is required when recanted testimony is raised in a PCR motion. Hardiman v. State, 789 So.2d 814, 817 (¶ 10) (Miss.Ct.App.2001). We review a determination of whether or not a new trial should be granted on recanted testimony under an abuse-of-discretion standard.” Johnson v. State, 70 So.3d 262, 263 (¶ 6) (Miss.Ct.App.2011) (quoting Farrish v. State, 920 So.2d 1066, 1068 (¶9) (Miss.Ct.App.2006)). We further note that as a general rule, recanted testimony is “exceedingly unreliable, and is regarded with suspicion; and it is the right and duty of the court to deny a new trial where it is not satisfied that such testimony is true.” Bradley v. State, 214 So.2d 815, 817 (Miss.1968). At the eviden-tiary hearing on a PCR motion, the trial judge sits as the trier of fact and resolves any credibility issues. Henderson v. State, 769 So.2d 210, 213 (¶ 8) (Miss.Ct.App.2000).
¶ 14. In the present case, we find that the circuit judge was able to assess the credibility of Johnson’s affidavit through Johnson’s testimony at the eviden-tiary hearing, as well as testimony from his defense attorney and the three prosecutors from Esco’s criminal trial. The circuit judge stated that he found no evidence to support Esco’s claim — and the claim set forth in Johnson’s affidavit — that Johnson was threatened to give testimony favorable to the prosecution at Esco’s trial. Upon our review, we cannot find that the circuit judge abused his discretion in' denying Esco a new trial based on the testimony and evidence presented at the evidentiary hearing. See Johnson, 70 So.3d at 263 (¶ 6). We thus find no error in the circuit judge’s denial of Esco’s PCR motion. This issue is without merit.
II. Exculpatory Testimony
¶ 15. Esco next claims that the circuit judge erred in disallowing exculpatory testimony from other witnesses. Esco states that McDonald’s workers *1215 Kristi Johnson and Wilson Smith were called to appear at the courthouse to testify at Esco’s post-conviction proceedings. Esco asserts that Kristi intended to testify that she saw all three co-defendants enter McDonalds, but that Esco was not among them. However, the circuit judge denied Esco’s request to call Kristi and Wilson to testify. Esco claims that this constitutes error and denies him of his fundamental right to have witnesses at his hearing.
¶ 16. However, the State submits that Kristi’s and Wilson’s proposed testimonies fail to constitute newly discovered evidence, and therefore the circuit judge properly denied their testimonies. Esco argues that Kristi’s and Wilson’s testimonies in fact constitute newly discovered evidence “since these witnesses had never been heard before and [would testify] that they were on duty at the McDonald’s on the date and time in question and that Esco was not there.”
¶ 17. “Newly discovered evidence” sufficient to warrant a new trial “is evidence ‘which could not have been discovered by the exercise of due diligence at the time of trial, as well as being almost certainly conclusive that it would cause a different result.’” Garlotte v. State, 915 So.2d 460, 464 (¶ 13) (Miss.Ct.App.2005). Further, the newly discovered evidence must have been facts that existed at the time of trial. Id.
¶ 18. In the present case, the record reflects that both Kristy’s and Wilson’s statements to the police were provided to the defense counsel during discovery, prior to Esco’s trial. Further, the circuit judge noted that the State never alleged nor put on proof at Esco’s trial that Esco entered McDonald’s on the day of the shooting. Therefore, the circuit judge found “no probative value on any of the testimony that [Kristi] or [Wilson] would give because it doesn’t corroborate anything that [Johnson] may recant on because he never said [Esco] went inside the McDonald’s.” We find that Kristi’s and Wilson’s testimonies do not constitute newly discovered evidence pursuant to Garlotte, 915 So.2d at 464 (¶ 13); thus, we find no error in the circuit judge’s denial of Esco’s request to present their testimonies during the evi-dentiary hearing.
III. Due-Process Rights
¶ 19. Esco argues that the circuit judge violated his due-process rights during the evidentiary hearing on his PCR motion. Esco specifically claims that during the evidentiary hearing, the circuit judge intervened in Esco’s cross-examination of Assistant District Attorney Kessler. Esco claims that the circuit judge’s inter-jéction impeded Esco’s ability to complete his cross-examination of Kessler.
¶ 20. Esco cites no authority in support of his argument, nor does he explain how the circuit judge’s interjection impeded his ability to complete his cross-examination of Kessler. The law is well established in Mississippi that this Court is not required to address any issue that is not supported by reasons and authority. E.g., Hoops v. State, 681 So.2d 521, 535 (Miss.1996). Esco claims that the circuit judge’s interjection affected his due-process right to cross-examination. We recognize that we may apply the plain-error rule to an error not properly preserved for review if the error affects a prisoner’s substantive or fundamental rights. Williams v. State, 794 So.2d 181, 187 (¶ 23) (Miss.2001) (overruled in part on other grounds by Brown v. State, 995 So.2d 698, 703 (¶ 20) (Miss.2008)). The plain-error doctrine has been construed to include anything that “seriously affects the fairness, integrity[,] or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, *1216 128 L.Ed.2d 508 (1993). “The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice.” Williams, 794 So.2d at 187 (¶ 23). Here, we decline to apply the plain-error doctrine.
¶ 21. We recognize that the trial court possesses inherent authority to ensure orderly proceedings. See M.R.C.P. 1, 78; M.R.E. 611 (“The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence....”). See also Dungan v. Presley, 765 So.2d 592, 596 (¶ 15) (Miss.Ct.App.2000). In reviewing the record, we note that the circuit judge interjected simply to clarify the court’s procedure regarding sentencing. E sco’s counsel proceeded with his cross-examination of Kessler after the interjection. We find no evidence to support Esco’s assertion that the circuit judge’s interjection impeded his ability to cross-examine Kessler or affected the fairness or integrity of the evidentiary hearing. This issue is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. An affidavit from Sanders appears in the record, wherein Sanders claims that Esco was not at the scene of the shooting. However, the court determined that Sanders never testified, so his affidavit failed to constitute a recantation or new evidence.