BARNES, J., for the Court:
¶ 1. Jerome Collier appeals the Tunica County Circuit Court’s dismissal of his motion for post-conviction relief (PCR) for lack of jurisdiction. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Collier was convicted of robbery in a jury trial, and the circuit court entered a judgment on April 29, 1999, sentencing him to eight years in the custody of the Mississippi Department of Corrections. He filed a direct appeal of his conviction and sentence, which this Court affirmed on February 20, 2001. See Collier v. State, 811 So.2d 377, 379 (¶ 10) (Miss.Ct.App. *655 2001). Collier subsequently filed a PCR motion on July 6, 2005. The circuit court dismissed the motion, determining that the court was without jurisdiction since Collier had failed to obtain leave to file the PCR motion from the Mississippi Supreme Court under Mississippi Code Annotated section 99-39-7 (Supp.2011).
¶ 3. On April 4, 2011, Collier filed a second PCR motion with the circuit court, which is the subject of this appeal. The circuit court again dismissed the motion for lack of jurisdiction based on Collier’s failure to obtain permission from the supreme court to file the motion. The circuit court also noted that the motion was filed more than three years after Collier’s direct appeal was ruled upon and was, therefore, procedurally time-barred from review.[1] Collier now appeals, and finding no error, we affirm.
DISCUSSION
¶ 4. If a prisoner’s direct appeal has been affirmed by the Mississippi Supreme Court or this Court, then “he must be granted leave from the supreme court before filing a PCR motion.” McKenzie v. State, 66 So.3d 1274, 1275 (¶ 4) (Miss.Ct. App.2011) (citing Miss.Code Ann. § 99-39-7). Section 99-39-7 states in pertinent part:
Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.
“This procedure is not merely advisory, but jurisdictional.” Johnson v. State, 70 So.3d 262, 264 (¶ 9) (Miss.Ct.App.2011) (quoting Doss v. State, 757 So.2d 1016, 1017 (¶ 6) (Miss.Ct.App.2000)).
¶ 5. There is no evidence that the supreme court granted Collier leave to file his PCR motion. Therefore, we find that both the circuit court and this Court lack jurisdiction to consider the motion and affirm the circuit court’s judgment of dismissal.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. See Miss.Code Ann. § 99-39-5(2) (Supp. 2011).