BARNES, J.,
for the Court:
¶ 1. Roosevelt Washington was indicted on December 16, 1994, for two counts of robbery, one count of armed robbery, and three counts of burglary of an inhabited dwelling. A jury trial was held on two of the charges, and Washington was convicted of Count Three, armed robbery, and Count Six, burglary of a dwelling. He was sentenced as a habitual offender to forty-five years in the custody of the Mississippi Department of Corrections for Count Three and fifteen years for Count Six, with the sentences to run consecutively. The Mississippi Supreme Court affirmed these convictions on October 11, 2001. See Washington v. State, 800 So.2d 1140 (Miss.2001).
¶ 2. This appeal pertains to a “Motion to Inspect Grand Jury Minutes” filed by Washington on November 2, 2011, which alleged that the grand jury did not vote on his multi-count indictment. Treating the motion as one for post-conviction relief, the Lincoln County Circuit Court dismissed the claim, finding that the motion was without merit and time-barred. We affirm, finding no error in the circuit court’s dismissal.
STANDARD OF REVIEW
¶ 3. “A circuit court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the circuit court’s decision was clearly erroneous.” Shinn v. State, 74 So.3d 901, 904 (¶ 7) (Miss.Ct.App.2011) (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). Issues of law, however, are reviewed de novo. Id.
DISCUSSION
¶ 4. Washington contends that his 1994 indictment was defective because it was only signed by the foreman of the grand jury and the assistant district attorney. Thus, he claims the indictment did not conform to the Uniform Rules of Circuit and County Court, as it failed to show that all members of the grand jury considered the indictment.
¶ 5. Although not addressed by the circuit court, the State observes that Washington failed to obtain permission from the Mississippi Supreme Court to file his motion for post-conviction relief. “When a case is affirmed on direct appeal, Mississippi Code Annotated section 99-39-7 (Rev.2007) mandates that permission be obtained from the supreme court to seek post-conviction relief from the trial court.” Johnson v. State, 70 So.3d 262, 264 (¶ 9) (Miss.Ct.App.2011). “This procedure is not merely advisory, but jurisdictional.” Id. (quoting Doss v. State, 757 So.2d 1016, 1017 (¶ 6) (Miss.Ct.App.2000)). Therefore, the circuit court and this Court are without jurisdiction to consider the merits of Washington’s motion.
¶ 6. We also conclude the circuit court was correct in finding Washington’s motion to be time-barred. A motion for post-conviction relief “shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by *863 the Supreme Court of Mississippi^]” Miss.Code Ann. § 99-39-5(2) (Supp.2012). Washington’s motion was filed ten years after the supreme court ruled on his direct appeal. Claims alleging a defective indictment are barred when the motion is not filed within the three-year time limitation. Edwards v. State, 90 So.3d 637, 642 (¶ 12) (Miss.Ct.App.2012) (citing Barnes v. State, 949 So.2d 879, 881 (¶ 8) (Miss.Ct.App.2007)).
¶ 7. Despite the procedural bars, we find no merit to Washington’s claim. The indictment contained in the record clearly shows the signature of the grand jury foreman, which satisfies the requirements of Rule 7.06 of the Uniform Rules of Circuit and County Court. Washington has provided no evidence that the grand jury members did not review and consider his indictment.
¶ 8. Accordingly, we find no error in the circuit court’s dismissal of Washington’s motion and affirm.
¶ 9. THE JUDGMENT OP THE CIRCUIT COURT OF LINCOLN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.