BARNES, J.,
for the Court:
¶ 1. Terun Moore appeals the denial of his motion for post-conviction relief (PCR) by the Hinds County Circuit Court. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Moore and his friend, James Washington, were playing basketball, drinking alcohol, and smoking marijuana with some friends at Hico Park in Jackson, Mississippi. Washington, Moore, and others conspired to rob Louis Avery and his brother, Michael Evans. Witnesses said that when Avery and Evans tried to flee, Moore shot into the car. Moore also confessed his involvement to police. Evans died, and Moore was convicted of murder on June 15, 2001, and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC).[1]
¶ 3. Moore filed a motion for post-conviction relief on March 18, 2009.[2] The PCR motion alleged facts not known at the time of trial that would have yielded different results and that Moore claimed warranted a vacation of his conviction and sentence. An affidavit from his accomplice, Washington, was attached to the motion. In the affidavit, Washington recanted his trial testimony that Moore was involved in the robbery and shooting.
¶ 4. On March 25, 2011, the circuit court held an evidentiary hearing, during which Washington testified and recanted his previous trial testimony. He claimed the police promised him a plea agreement to a lesser sentence for manslaughter in exchange for testifying that Moore was the shooter. He stated that the shooter was actually Kewanee Coleman.
¶ 5. On March 29, 2011, the circuit court denied Moore’s PCR motion, concluding that Moore failed to show that, “but for Washington’s testimony, the jury would have reached a different conclusion.” Moore now appeals the denial of his motion, and finding no error, we affirm the circuit court’s judgment.
STANDARD OF REVIEW
¶ 6. Unless a circuit court’s denial of a motion for post-conviction relief is clearly erroneous, it will not be reversed on appeal. Patton v. State, 96 So.3d 790, 792 (¶ 6) (Miss.Ct.App.2012) (citing Thorson v. State, 76 So.3d 667, 674 (¶ 18) (Miss.2011)). “However, questions of law are *65 reviewed de novo.” Id. (citing Thorson, 76 So.3d at 674 (¶ 19)).
DISCUSSION
¶ 7. At Moore’s trial, Washington testified that Moore shot Evans. Washington, who pleaded guilty to a lesser charge of manslaughter and received a sentence of eight years, was released from MDOC custody in 2007. In an affidavit dated May 5, 2008, Washington recanted his prior trial testimony, stating: “I testified that on April 2, 1998[,] Terun Moore and I participated in a robbery. I further testified that Terun Moore had a .25 millimeter pistol and I saw him pointing and firing the gun during the robbery. This was not the truth.” Washington said that Coleman fired the gun, not Moore. Although Washington also testified at the evidentiary hearing that he had told his girlfriend that Moore was not the shooter, she was not called as a witness.
¶ 8. Moore contends that the circuit judge erred in finding Moore failed to meet his burden of proof regarding the recanted testimony and in denying his PCR motion. Although “recanted testimony does not entitle a defendant to a new trial[,] ... an evidentiary hearing is required when recanted testimony is raised in a PCR motion.” Esco v. State, 102 So.3d 1209, 1214 (¶ 13) (Miss.Ct.App.2012) (citations omitted). Whether a new trial should be granted based on recanted testimony is reviewed “under an abuse-of-discretion standard.” Id. “[R]ecanted testimony is ‘exceedingly unreliable, and is regarded with suspicion; and it is the right and duty of the court to deny a new trial where it is not satisfied that such testimony is true.’ ” Id. (quoting Bradley v. State, 214 So.2d 815, 817 (Miss.1968)). A determination on whether to grant a new trial based on recanted testimony “should be left to the sound discretion of the [circuit] court and should not be set aside unless clearly erroneous.” Turner v. State, 771 So.2d 973, 976 (¶ 11) (Miss.Ct.App.2000) (quoting Peeples v. State, 218 So.2d 436, 439 (Miss.1969)).
¶ 9. At trial, there was testimony by several police officers that Moore confessed to the shooting. The victim’s brother, Avery, testified that Moore was standing next to the car when the shooting occurred. Coleman, who Washington now claims was the shooter, was a witness at trial. Coleman admitted he was at the park at the time of the shooting and claimed Moore had left at some point before the shooting. But he also testified that his back was turned during the shooting and that he was running away when the shots were fired. Coleman did not testify at the hearing.
¶ 10. The circuit court conducted the appropriate evidentiary hearing and concluded that Washington’s recanted testimony did not warrant granting Moore a new trial. Moore has produced no additional evidence to corroborate Washington’s new version of the shooting. Further, as the circuit court noted in its order:
[T]here is no actual evidence that Washington’s original trial testimony was a lie. To the contrast, ... other evidence amply supports Washington’s trial testimony, including the eyewitness testimony of the victim’s brother.
[[Image here]]
Given the admission of [Moore’s] confession, which has already been upheld on appeal, and the testimony of the brother, the Court is confident the original verdict was just and further finds it unlikely a new trial, without the recanted testimony, would produce a different result.
We cannot find that the circuit court’s denial of a new trial based on Washington’s recanted testimony was an abuse of *66 discretion. Accordingly, the circuit court’s denial of Moore’s PCR motion was not in error.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING and GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR and JAMES, JJ., concur.

. Moore filed a direct appeal of his conviction and sentence with this Court, and we affirmed the judgment. See Moore v. State, 914 So.2d 185, 193 (¶ 30) (Miss.Ct.App.2005).

. The Mississippi Supreme Court granted Moore leave to file his PCR motion on December 10, 2008.